UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10346

C.D., by and through her PARENTS
and NEXT FRIENDS, M.D. and P.D.,
and M.D. and P.D., for themselves

v.

NATICK PUBLIC SCHOOL DISTRICT

MEMORANDUM AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT

September 2, 2021

STEARNS, D.J.

Plaintiffs C.D., by and through her parents and next friends, M.D. and P.D., and M.D. and P.D. (collectively, Plaintiffs), bring this action against defendant Natick Public School District (Natick) to recover attorneys' fees and costs incurred in a proceeding before the Board of Special Education Appeals (BSEA). The parties have filed cross-motions for summary judgment on Plaintiffs' entitlement to attorneys' fees. For the following reasons, the court will <u>ALLOW IN PART</u> and <u>DENY IN PART</u> Plaintiffs' motion and <u>DENY</u> Natick's motion.

## DISCUSSION

The court assumes familiarity with the factual background and procedural history of this case. *See C.D. by & through M.D. v. Natick Pub. Sch. Dist.*, 2020 WL 7632260 (D. Mass. Dec. 22, 2020). It thus will move directly to the issue of whether to award attorneys' fees.

The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq*., grants a court discretion to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." *Id*. § 1415(i)(3)(B)(i)(I). The parties dispute whether Plaintiffs are eligible under this provision. Plaintiffs contend that they qualify as the "prevailing party" in the BSEA proceeding. Natick disagrees.

"For purposes of a federal fee-shifting statute, a prevailing party is any party who 'succeed[s] on any significant issue . . . which achieves some of the benefits plaintiffs sought in bringing suit.'" *Maine Sch. Admin. Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 14 (1st Cir. 2003) (alterations in original), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party's success cannot be a hollow victory; it must materially alter the litigants' legal relationship by modifying one party's behavior in a way that directly benefits the other" to render a party "prevailing." *Id*., citing *Farrar v. Hobby*, 506 U.S. 103, 111-

112 (1992); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001).

BSEA found in Plaintiffs' favor on one of their seven claims. It concluded that Natick's failure to propose an IEP for the 2015-2016 school year impeded Plaintiffs' ability to participate meaningfully in educational planning for C.D. and awarded Plaintiffs the actual cost of private education for that year as a remedy. Because an order to pay a year's tuition for private education cannot be considered a "hollow" or *de minimis* victory, *see id.*; *cf. Farrar*, 506 U.S. at 113 ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."), the court concludes that Plaintiffs qualify as a prevailing party within the scope of the IDEA fee-shifting provision.

Having determined that Plaintiffs are eligible for an award of attorneys' fees, the court next must determine what amount, if any, is appropriate. Plaintiffs seek reimbursement for all fees incurred during the litigation. Natick asks the court to exercise its discretion and refuse to confer any award at all.

3

The court believes that the reasonable path lies somewhere between these opposite poles. The Supreme Court has stated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar*, 506 U.S. at 114, quoting *Hensley*, 461 U.S. at 436. To measure the degree of success, courts look at factors such as "the difference between the judgment recovered and the recovery sought," "the significance of the legal issue on which the plaintiff prevailed," or "the public purpose of the litigation." *Monticello Sch. Dist. No. 25 v. George L. on Behalf of Brock L.*, 102 F.3d 895, 907 (7th Cir. 1996).

Here, Plaintiffs accomplished one of their goals: They received reimbursement for the cost of private education for one of the four school years at issue in the case. Plaintiffs did not, however, succeed with respect to their primary goal. BSEA ultimately determined that placement in the ACCESS program (which was offered in the 2016-2017, 2017-2018, and 2018-2019 IEPs, and which was available to C.D. at any time during the 2015-2016 school year despite the lack of a formal IEP given a prior stay put order) provided C.D. with a FAPE. The award for the 2015-2016 school year, in other words, arose because of a procedural violation, not because C.D. lacked an adequate placement on the merits. And while the court does not

4

mean to minimize the significance of that procedural violation – school districts must provide a formal IEP to students with disability each and every school year, and the failure to comply with this mandate in any given year warrants remedy (if nothing else, to serve as deterrence for future violations and to further the public good) – the fact that BSEA ultimately found that C.D. did not actually suffer "any educational harm as a result of Natick's failure to propose a 2015-2016 IEP" weighs against awarding Plaintiffs the full sum of their attorneys' fees. BSEA Decision at 16.

Equity also weighs against giving Plaintiffs all that they seek. First, as noted above, C.D. did not suffer any educational harm from failing to have an IEP. The ACCESS program was available to her at all points during the 2015-2016 school year given the stay put order. Second, it is not clear how much Plaintiffs reasonably should have expected their FAPE claims to succeed. M.D. and P.D. had a long history of litigating IEPs proposed by Natick for C.D., and BSEA and the courts had consistently found in Natick's favor in these challenges. Third, this one lapse notwithstanding, Natick generally was responsive to Plaintiffs' "frequent, and frequently confusing, communications." *Id*. at 17. Plaintiffs, in contrast, "appeared to be motivated more by a desire to obstruct Natick's efforts to address [C.D.'s]

remaining functional gaps than to actually address them." *Id.* at 14. Finally, the claim on which Plaintiffs prevailed (*i.e.*, the claim asserting a procedural "misstep," *see id.* at 16) was factually distinct from the FAPE claims and legally more straightforward.

Weighing these factors, the court determines that, although Plaintiffs are entitled to some measure of attorneys' fees under the IDEA, a reduction of that fee award is appropriate under these circumstances. It cannot, however, determine the precise amount of that reduction at this juncture. Plaintiffs have not submitted any documentation as to the rates charged by their attorneys or the number of hours those attorneys billed. *See* Pls.' Mem. in Supp. of Mot. for Summ. J. (Dkt. # 8) at 13 n.2. Nor have Plaintiffs explained the nature of the work performed by their attorneys for each hour billed. Without that information, the court cannot determine the amount of a reasonable and proportionate fee award. The court accordingly reserves ruling on the issue until Plaintiffs supplement the record.

## ORDER

For the foregoing reasons, Plaintiffs' motion for summary judgment is ALLOWED IN PART and DENIED IN PART and Natick's motion for summary judgment is DENIED. Plaintiffs will receive some award of

attorneys' fees and costs associated with the proceeding before the BSEA, but the exact amount remains to be determined. Plaintiffs are directed to file another motion for attorneys' fees and costs on the docket within fourteen (14) days of this Order that includes "billing records and additional documentation in support of the reasonableness of the attorney's [sic] fees and costs incurred." Pls.' Mem. in Supp. of Mot. for Summ. J. at 13 n.2.

                SO ORDERED.

                /s/ Richard G. Stearns_____
                UNITED STATES DISTRICT JUDGE